# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGME TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MILLENNIAL MEDIA, INC., <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff Augme Technologies, Inc. ("Augme" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendant Millennial Media, Inc. ("Millennial " or "Defendant") as follows:

## NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, offer for sale, sale and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 7,783,721 (the "'721 Patent") (attached as Exhibit A) entitled "Method and Code Module For Adding Function To A Web Page," United States Patent No. 7,269,636 (the "'636 Patent") (attached as Exhibit B) entitled "Method and Code Module For Adding Function To A Web Page," and United States Patent No. 6,594,691 (the "'691 Patent") (attached as Exhibit C) entitled "Method and System For Adding Function To A Web Page."  Plaintiff seeks injunctive relief to prevent Defendant from continuing to infringe Plaintiff's patents.  In addition, Plaintiff seeks a recovery of monetary

damages resulting from Defendant's past infringement of these patents.

3. This action for patent infringement involves Defendant's manufacture, use, offer for sale, sale and/or importation into the United States of infringing products, methods, processes, services and/or systems that are primarily used or primarily adapted for use in an electronic or computer network system for targeting content via a Web browser.

## THE PARTIES

4. Plaintiff Augme is a corporation organized under the laws of the State of Delaware, with its principal place of business at 350 7th Ave., 2d Floor, New York, New York 10001.

5. Plaintiff Augme is the lawful assignee of all right, title and interest in and to the '721, '636, and '691 Patents (collectively, the "patents-in-suit").

6. Augme was founded in 1999 and provides mobile marketing technology and related services to leading consumer and healthcare brand businesses. Its AD LIFE® mobile marketing platform has been used for many industry-leading ad campaigns. Using Augme's patented technology, its AD LIFE® platform solves the mobile marketing industry's problem of disparate operating systems, device types, and on-screen content rendering. Augme's AD LIFE® and AD SERVE® ad delivery engine are true end-to-end mobile marketing and mobile advertising solutions, enabling customers to quickly create, deploy and measure rich-media, interactive marketing campaigns across multiple networks and devices through a single access point. Augme's technology enables its clients to provide advertising campaigns targeted to users and their devices. Augme provides constructive notice to the world of its patent rights by marking its patented AD LIFE® products with the numbers of its patents in compliance with 35 U.S.C. § 287.

7. Upon information and belief, Defendant Millennial is a corporation organized

under the laws of the State of Delaware with a principal place of business located at 2400 Boston Street, Suite 201 Baltimore, MD 21224.

8.  Upon information and belief, Millennial makes, uses, offers to sell, sells and/or imports into the United States certain mobile advertising platforms, applications, services, systems, and/or methods that enable businesses to provide targeted advertisements to Web pages that are personalized based upon characteristics of a user and his/her computing environment.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Defendant is subject to personal jurisdiction in the State of Delaware because it is a citizen of the State of Delaware and it regularly transacts business in this judicial district and division by, among other things, offering its products and services to customers, business affiliates and partners located in this judicial district and division.  In addition, Defendant has committed acts of direct infringement, contributory infringement, and/or inducement of infringement of one or more of the claims of one or more of the patents-in-suit in this judicial district and division.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

## FACTUAL BACKGROUND

12. The patents-in-suit are all generally directed to systems and methods for providing targeted content over the Internet.  The '721, the '636, and the '691 Patents are generally directed to the manner in which content provided in a Web page, such as advertisements, music,

videos, and the like, is customized based on the end user's computing environment, connectivity, bandwidth level, geographic location, gender, age, or other targeting criteria such as behavioral marketing data. By way of example, a Web page about Texas cooking may air commercials relevant to that topic, such as food items, antacids, and barbecues.

13. The '721 Patent was duly and legally issued on August 24, 2010.

14. The '636 Patent was duly and legally issued on September 11, 2007.

15. The '691 Patent was duly and legally issued on July 15, 2003.

16. Plaintiff Augme is the assignee of all right, title and interest in and to the aforementioned patents and has the legal right to enforce the patents-in-suit against the Defendant in this case.

## Defendant's Products, Services, Systems, and Processes Infringe Augme's Patents

17. Defendant makes, uses, offers to sell, sells and/or imports products and services that infringe the patents-in-suit. Defendant directly infringes, contributorily infringes and/or induces others to infringe one or more claims of the patents-in-suit. By way of example, and without limitation, Millennial makes, uses, offers to sell, sells and/or imports its mobile advertising platform, including Millennial Media's MYDAS technology engine. Based upon publicly available information found at http://www.millennialmedia.com/, Defendant infringes one or more claims of each of the patents-in-suit.

18. By way of example, and without limitation, the accused mobile advertising platform and MYDAS technology engine provide content targeting technologies to create advertisements for mobile Web pages that are customized based on the end user's mobile computing environment, geographic location, and other targeting criteria. When a Web page is downloaded onto a mobile device, a Web browser retrieves information about the user's location, device type,

and carrier. The information retrieved about the user's location, device type, and carrier is used to customize the advertisements displayed on the Web page.

19. Based upon publicly available information, the accused mobile advertising platform and MYDAS technology engine satisfy every element of one or more of the claims of each of the patents-in-suit. Augme reserves the right to supplement or amend the list of accused products/services after reviewing non-publicly available information obtained through discovery.

### Augme Has Been Irreparably Harmed by Defendant's Continued Infringement

20. Plaintiff Augme has been irreparably harmed by Defendant's infringement of its valuable patent rights. Moreover, Defendant's unauthorized, infringing use of Plaintiff's patented systems and methods has threatened the value of this intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, offering to sell, selling and/or importing the patented inventions.

21. Defendant's disregard for Plaintiff's property rights similarly threatens Plaintiff's relationships with potential licensees of this intellectual property. Defendant will derive a competitive advantage over any of Plaintiff's future licensees from using Plaintiff's patented technology without paying compensation for such use. Accordingly, unless and until Defendant's continued acts of infringement are enjoined, Plaintiff will suffer further irreparable harm for which there is no adequate remedy at law.

### COUNT I

### Infringement of United States Patent No. 7,783,721

22. Paragraphs 1 through 21 are incorporated by reference as if fully restated herein.

23. Plaintiff Augme is the assignee and lawful owner of all right, title and interest in and to the '721 Patent.

24. Defendant makes, uses, offers to sell, sells and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '721 Patent.

25. Defendant has been and will continue infringing one or more of the claims of the '721 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, offering to sell, selling and importing the patented inventions.

26. Upon information and belief, Defendant has been inducing and/or contributing to the infringement of the '721 Patent and will continue to induce and/or contribute to the infringement of the '721 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court. Upon information and belief, despite having knowledge of the '721 Patent, Defendant intentionally encouraged, and continues to encourage, its customers to commit infringing acts with knowledge, or willful blindness, that such acts would infringe the '721 Patent.

27. Defendant has been contributing and/or continues to contribute to the infringement of one or more claims of the '721 Patent, and will continue to contribute to the infringement of the '721 Patent in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court. For example, Defendant contributes to its customers' infringement of the '721 Patent by offering for sale, selling, and/or supporting its mobile advertising platform and MYDAS technology engine, which are especially designed for, and used to practice methods that infringe one or more claims of the '721 Patent. On information and belief, Defendant's mobile advertising platform and

-6-

MYDAS technology engine have no substantial noninfringing uses.

28. On information and belief, Defendant knew of the '721 Patent and had knowledge or was willfully blind, that the use of its mobile advertising platform and MYDAS technology engine would infringe the '721 Patent, and that its mobile advertising platform and MYDAS technology engine have no substantial noninfringing uses.

29. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284 and is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## COUNT II

### Infringement of United States Patent No. 7,269,636

30. Paragraphs 1 through 29 are incorporated by reference as if fully restated herein.

31. Plaintiff Augme is the assignee and lawful owner of all right, title and interest in and to the '636 Patent.

32. Defendant makes, uses, offers to sell, sells and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '636 Patent.

33. Defendant has been and will continue infringing one or more of the claims of the '636 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, offering to sell, selling and importing the patented inventions.

34. Upon information and belief, Defendant has been inducing and/or contributing to the infringement of the '636 Patent and will continue to induce and/or contribute to the

infringement of the '636 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court. Upon information and belief, despite having knowledge of the '636 Patent, Defendant intentionally encouraged, and continues to encourage, its customers to commit infringing acts with knowledge, or willful blindness, that such acts would infringe the '636 Patent.

35. Defendant has been contributing and/or continues to contribute to the infringement of one or more claims of the '636 Patent, and will continue to contribute to the infringement of the '636 Patent in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court. For example, Defendant contributes to its customers' infringement of the '636 Patent by offering for sale, selling, and/or supporting its mobile advertising platform and MYDAS technology engine, which are especially designed for, and used to practice methods that infringe one or more claims of the '636 Patent. On information and belief, Defendant's mobile advertising platform and MYDAS technology engine have no substantial noninfringing uses.

36. On information and belief, Defendant knew of the '636 Patent and had knowledge or was willfully blind, that the use of its mobile advertising platform and MYDAS technology engine would infringe the '636 Patent, and that its mobile advertising platform and MYDAS technology engine have no substantial noninfringing uses.

37. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284 and is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## COUNT III

### Infringement of United States Patent No. 6,594,691

38. Paragraphs 1 through 37 are incorporated by reference as if fully restated herein.

39. Plaintiff Augme is the assignee and lawful owner of all right, title and interest in

and to the '691 Patent.

40.  Defendant makes, uses, offers to sell, sells and/or imports into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '691 Patent.

41.  Defendant has been and will continue infringing one or more of the claims of the '691 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, offering to sell, selling and importing the patented inventions.

42.  Upon information and belief, Defendant has been inducing and/or contributing to the infringement of the '691 Patent and will continue to induce and/or contribute to the infringement of the '691 Patent, in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.  Upon information and belief, despite having knowledge of the '691 Patent, Defendant intentionally encouraged, and continues to encourage, its customers to commit infringing acts with knowledge, or willful blindness, that such acts would infringe the '691 Patent.

43.  Defendant has been contributing and/or continues to contribute to the infringement of one or more claims of the '691 Patent, and will continue to contribute to the infringement of the '691 Patent in violation of 35 U.S.C. §§ 271(b) and (c), unless enjoined by this Court.  For example, Defendant contributes to its customers' infringement of the '691 Patent by offering for sale, selling, and/or supporting its mobile advertising platform and MYDAS technology engine, which are especially designed for, and used to practice methods that infringe one or more claims

of the '691 Patent. On information and belief, Defendant's mobile advertising platform and MYDAS technology engine have no substantial noninfringing uses.

44. On information and belief, Defendant knew of the '691 Patent and had knowledge or was willfully blind, that the use of its mobile advertising platform and MYDAS technology engine would infringe the '691 Patent, and that its mobile advertising platform and MYDAS technology engine have no substantial noninfringing uses.

45. Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 284 and is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, granting Plaintiff the following relief:

A. That this Court adjudge and decree that the '721 Patent is valid and enforceable against Defendant, that the '636 Patent is valid and enforceable against Defendant and that the '691 Patent is valid and enforceable against Defendant;

B. That this Court adjudge and decree that Defendant has infringed, directly and indirectly, the '721 Patent, the '636 Patent and the '691 Patent;

C. That this Court permanently enjoin Defendant, and its parents, subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, offering to sell, selling, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the

#15905842 v1

patents-in-suit, or otherwise engaging in acts of infringement of the patents-in-suit, all as alleged herein;

D. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of Defendant's infringement;

E. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F. That this Court assess pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G. That this Court declare this case to be exceptional and direct Defendant to pay Augme's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

H. Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

#15905842 v1

Dated: April 5, 2012 Respectfully submitted,

/s/ *Edmond D. Johnson*
Edmond D. Johnson (Del. Bar. No. 2257)
James G. McMillan, III (Del. Bar No.3979)
**PEPPER HAMILTON LLP**
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Tel.: 302.777.6500
Fax.: 302.421.8390
*johnsone@pepperlaw.com*
*mcmillaj@pepperlaw.com*

Attorneys for Plaintiff
Augme Technologies, Inc.